IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| VS. | § | CRIMINAL ACTION NO. 9:99cr27(1) |
| STEVIE WAYNE JOHNSON | § | |

## MEMORANDUM OPINION AND ORDER

The defendant has filed a Motion to Suspend Payment of Fine (docket entry no. 138). Defendant contends the fine imposed as part of his criminal sentence violates his Fifth Amendment rights to due process and the Eighth Amendment's prohibition of cruel and unusual punishment. Defendant asserts that the Government does not have a legal basis for requiring him to pay the fine to the court because he was not convicted of count one of the Second Superseding Indictment.[1]

### Factual Background

On June 29, 2000, following a trial by jury, defendant was convicted of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. Defendant was sentenced to a term of 240 years imprisonment, three years supervised release, a $200 special assessment, and a fine of $15,000. The judgment provides that payment of the fine shall begin immediately.

Defendant appealed his conviction and sentence. On August 21, 2002, defendant's conviction and sentence were affirmed by the Fifth Circuit Court of Appeals. Defendant's subsequent petition for writ of certiorari was denied by the Supreme Court on June 16, 2003.

On June 30, 2004, defendant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The motion was dismissed on December 20, 2004.

---

[1] In his traverse to the Government's response, defendant clarified why he is requesting the fine to be suspended, asserting the claims stated here. *See* Movant's Traverse (docket entry no. 141).

Analysis

In this motion, defendant attacks the validity of his conviction and sentence. Defendant claims the fine imposed as part of his criminal sentence violates his Fifth Amendment rights to due process and the Eighth Amendment's prohibition of cruel and unusual punishment. Defendant also asserts that the Government does not have a legal basis for requiring him to pay the fine to the court because he was not convicted of count one of the Second Superseding Indictment.

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Relief under this section is warranted for errors that occurred at trial or sentencing. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). However, Section 2255 is reserved for claims relating to unlawful custody and cannot serve as a vehicle to challenge the imposition of a fine. *See United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994).

Title 18 U.S.C. § 3572(d)(3) permits defendants whose fines are payable in installments to seek modification of their payment schedule based upon a change in economic circumstances. Section 3572(d)(3) provides the following:

> A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon the receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require payment in full, as the interests of justice require.

As described above, however, defendant's judgment provided that his fine was payable immediately, rather than providing for payment in installments. Current federal law provides defendants in this situation no opportunity to seek reduction or modification of a fine. *United States v. Zucco*, 2008 WL 417750 (E.D. Tex. Feb. 14, 2008), citing *United States v. Kercado,* 2002 WL 1364027 *2 (S.D.N.Y. June 24, 2002).[2]

---

[2] The only circumstances under which the defendant's fine could be modified would be if the government, acting pursuant to 18 U.S.C. § 3573, made a motion to remit the fine or defer payments.

Defendant's motion is more accurately characterized as a challenge to the execution of his sentence; specifically, the motion is a challenge to the validity of his payment plan established by the Bureau of Prisons a part of the Inmate Financial Responsibility Program. *See United States v. Tovar-Valencia*, 2010 WL 1404367 at *1-2 (5th Cir. Mar. 26, 2010). Section 2241 is correctly used to attack the manner in which a sentence is executed. *Tolliver*, 211 F.3d at 877. As a result, the defendant's motion should be denied.

ORDER

For the reasons set forth above, the defendant's motion should be denied. Accordingly, it is hereby

**ORDERED** that the defendant's motion to suspend payment of fine is **DENIED**. Defendant may contest the execution of his sentence by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the jurisdiction in which he is confined.[3]

So **ORDERED** and **SIGNED** this **9** day of **July, 2010.**

_____
Ron Clark, United States District Judge

---

[3] According to the criminal docket, the defendant is currently confined at the FCI Oakdale located in Oakdale, Louisiana.